UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

THOMAS A. ADAMS, JR., )
   )
      Plaintiff, )
   )
vs. ) Civil Action No. CV-97-S-1170-NE
   )
PIERRE DIATTA and MARILYN )
HYNES, )
   )
      Defendants. )

Entered 06/16/97

## MEMORANDUM OPINION

This action is before the court on defendants' motions to dismiss, and to quash service of process. Defendants claim this court lacks jurisdiction because they do not have sufficient contacts with the State of Alabama, and because all matters relevant to this action occurred in the State of Missouri. This court reaches neither argument. Instead, this court concludes venue is improper, and orders this action transferred to the United States District Court for the Western District of Missouri, Western Division.

### I. DISCUSSION

**A. Subject Matter Jurisdiction**

Federal courts are not courts of general jurisdiction, and may only hear cases which are before them under the authority of Article III of the Constitution, or under statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 132, 89 L.Ed.2d 501 (1986). Federal courts have subject matter jurisdiction over a case if it

satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff does not present any claims arising under federal laws. Plaintiff has sufficiently alleged facts, however, that establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in excess of $75,000. He alleges that defendants are citizens of the State of Missouri. Thus, plaintiff has sufficiently established diversity jurisdiction under 28 U.S.C. § 1332.

B. **Venue**

28 U.S.C. § 1391(a) provides that

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

It is clear that plaintiff laid venue in the wrong district. Plaintiff's claims may be brought only in a judicial district in Missouri where one of the defendants resides, or in the judicial district where the automobile accident at issue occurred. Plaintiff alleges that the accident occurred in Jackson County, Missouri. Jackson County is in the Western Division of the Western District of Missouri. 28 U.S.C. § 105(b)(1).

2

28 U.S.C. § 1406(a) provides this court with the authority to transfer a case in which venue is improper. That section provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). The interests of justice require that this action be transferred, not dismissed. Plaintiff appears *pro se*. Dismissal of this action would leave plaintiff susceptible to making a procedural error that might prejudice his right to have his claims decided on the merits. Therefore, this action shall be transferred to the United States District Court for the Western District of Missouri, Western Division.

Defendants' motions are based on the premise that this court lacks personal jurisdiction over them. Yet, "[p]ersonal jurisdiction over the person of the defendant is not a prerequisite to transfer under 28 U.S.C. § 1406(a)." *Dubin v. United States*, 380 F.2d 813, 814 n.2 (5th Cir. 1967).[1] Accordingly, defendants' motions are due to be denied.

## II. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss and to quash service of process are due to be denied. This case shall be transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Western District of Missouri, Western

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Division. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this __16th__ day of June, 1997

_____
United States District Judge

4